UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES S.D. HOLT,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA DEPARTMENT OF CORRECTIONS, PLAINFIELD CORRECTIONAL FACILITY (IYC),<br><br>Defendants. | ) | No. 1:19-cv-03162-JPH-TAB |

**ORDER DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE OR FILE AN AMENDED COMPLAINT**

Indiana prison inmate James Sherman Dean Holt filed this action on July 29, 2019, asserting claims against defendants (1) the Indiana Department of Corrections (IDOC) and (2) the Plainfield Correctional Facility (also known as the Indiana Youth Center (IYC)). Dkt. 1. The Court screens the complaint pursuant to 28 U.S.C. § 1915A, and finding the complaint fails to state a claim upon which relief can be granted, dismisses the complaint and directs Mr. Holt to show cause or amend as set out below.

**I. Screening Standard**

Because Mr. Holt is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Holt are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. The Complaint

Mr. Holt names the IDOC and the Plainfield Correctional Center (IYC) as defendants asserting that between May 8, 2019, and July 17, 2019, he was (1) deprived of recreation on four dates; (2) he was discriminated against and harassed by being denied all food, hygiene, and commissary orders for nine weeks beginning May 15, 2019; and (3) his safety was placed at risk when he was placed in a cell with an offender who was in an organization from which Mr. Holt had sought protection. Dkt. 1, p. 2. Mr. Holt indicates in his complaint he is suing under state law. He seeks money damages, an order telling the IYC to abide by their own policies, and an order stopping future harassment and discrimination.

## III. Analysis

### A. Federal Constitutional Claims

The Court first screens the complaint, giving it a liberal interpretation, to determine whether a federal constitutional claim brought under 42 U.S.C. § 1983 is sufficiently stated. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("the first step in any [1983] claim is to identify the specific constitutional right allegedly infringed"). In doing so, the Court considers the named defendants and the accusations against them.

### 1. Suable Defendants

A prison facility is not a suable entity, as it is a building and not a person. Civil rights claims brought under § 1983 may be pursued only against persons, and the IYC is not a person but a building. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("a building is not a person capable of being sued under § 1983.").

Lawsuits against the IDOC, a state agency, are the functional equivalent of a suit against the State of Indiana. "The Eleventh Amendment grants states immunity from private suits in federal court without their consent. . . . An agency of the state enjoys this same immunity." *Nuñez v. Indiana Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). All claims for money damages against the state are barred by the Eleventh Amendment. *Id*. The injunctive relief sought – an order telling the IYC to follow its policies and to stop discrimination and harassment – is not an appropriate remedy, as compliance with state policies is not a federal constitutional issue, *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates"), and discrimination against a protected class and certain forms of harassment are already prohibited by law.

Because the complaint fails to name a suable defendant, it is **dismissed**.

### 2. Claims

#### (a) Recreation

Although Mr. Holt has not identified a suable defendant who denied him recreation time on the four dates he specified, even if he did so it would not state a claim upon which relief can be granted. It is true that "[d]epriving a prisoner of all opportunity for out-of-cell exercise can violate the prohibition against cruel and unusual punishment." *Smith v. Erickson*, 684 F. App'x 576, 578

(7th Cir. 2017); *see also Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) ("[W]e stated that lack of exercise could rise to a constitutional violation '[w]here movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened.'") (quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)). The Seventh Circuit has also concluded that a prisoner's Eighth Amendment rights were violated when he was denied out-of-cell exercise for six months while being confined in a very small cell. *Delaney v. DeTella*, 256 F.3d 679 (7th Cir. 2001). Mr. Holt's assertions of being deprived in recreation on four days falls far short of the length of time discussed in *Delaney*, and he has made no assertion that he suffered any adverse health effects such as atrophied muscles.

**(b) Food, Hygiene, and Commissary**

A loss of privileges such as commissary or telephone does not amount to a constitutional deprivation. *See James v. Milwaukee Cty*., 956 F.2d 696, 699 (7th Cir. 1992) ("a prisoner who is denied a pack of playing cards or a television set has not set out a deprivation of constitutional dimensions under the Eighth Amendment."); *Gibson v. Mc Evers*, 631 F.2d 95, 98 (7th Cir. 1980) (a denial of a prisoner's commissary privileges does not implicate due process).

A prisoner is entitled to food and basic hygiene items, and the deprivation of those items can constitute a violation of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (adequate food is among the minimal civilized measures of life's necessities); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (collecting cases) (a prisoner's basic necessities includes access to hygiene items).

Mr. Holt's complaint does not plead to what extent he was denied access to hygiene, in other words whether he was denied showers, soap, toilet paper, or some other essential hygiene

item. As pled, the assertion is too vague to state a claim upon which relief can be granted. And like every other claim, it is not attributed to a suable person.

As to his claim of being denied food, Mr. Holt pleads that he was "denied all food" between May 15, 2019, and July 17, 2019. Dkt. 1, p. 2. He has not pled any adverse health consequences from his nine-week deprivation of food. While Mr. Holt does not identify *who* denied him all food for this nine week period, which is fatal to his claim, the claim he makes must nevertheless state a *plausible* right to relief. *Iqbal*, 556 U.S. at 678. As pled, the Court finds that without more, it is not plausible that Mr. Holt was denied *all* food for nine weeks and survived to write his complaint. As pled, Mr. Holt's deprivation of food allegation fails to state a claim upon which relief can be granted.

**(c) Safety**

Mr. Holt's final claim is that his safety was placed at risk when an inmate was placed in his cell who posed a danger to him. Dkt. 1, p. 2. But Mr. Holt does not allege that he was harmed, identify the official who placed that inmate in his cell, or identify who he notified that the placement put him in danger. *Id.*

The Eighth Amendment "requires that prison officials 'take reasonable measures to guarantee the safety of the inmates,'" and this includes a duty "to 'protect prisoners from violence at the hands of other prisoners.'" *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (quoting *Farmer*, 522 U.S. at 832–833). However, "[a] prison official is liable for failing to protect an inmate from another prisoner only if the official 'knows of and disregards an excessive risk to inmate health or safety[.]'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer*, 511 U.S. at 837). "In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his

safety." *Id.* (internal quotations omitted). "Complaints that convey only a generalized, vague, or stale concern about one's safety typically will not support an inference that a prison official had actual knowledge that the prisoner was in danger." *Id.* at 480–481. Damages for failure to protect claim cannot be "predicated merely on knowledge of general risks of violence," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), or fear of an unrealized attack, *see Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996).

Mr. Holt's claim of his safety being placed at risk, which the Court construes as a failure to protect claim, for the above reasons fails to state a claim upon which relief can be granted.

**B. State Claims**

Mr. Holt attempts to invoke the Court's diversity jurisdiction, but he has named no suable entity who is a citizen of a different state. *See* 28 U.S.C. § 1332. Thus the state claims could only be brought in this Court pursuant to the Court's supplemental jurisdiction, which requires a predicate federal claim based on the same allegations made in an attempt to invoke the Court's original jurisdiction. 28 U.S.C. § 1367(a). There being no federal claim, the Court cannot exercise jurisdiction over state claims and accordingly will not screen Mr. Holt's complaint for potential state law claims. *See Savage v. Premier Bank*, 2019 WL 4418528 (C.D. Ill. Sept. 16, 2019) ("Without a federal claim, this Court will not exercise supplemental jurisdiction over any state claims.").

## IV. Show Cause

The complaint has been **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). No later than **November 29, 2019**, Mr. Holt may show cause why this action should not be dismissed and allowed to proceed. Mr. Holt may show cause by filing an amended complaint curing the deficiencies noted in this Order. Any amended complaint must

contain the case number of this action on its front page (1:19-cv-03162-JPH-TAB), name suable defendants, and assert viable federal constitutional claims. The failure to file an amended complaint that states a federal claim for relief by **November 29, 2019**, will result in the dismissal of this action and the entry of final judgment without further notice to Mr. Holt.

**SO ORDERED**.

Date: 11/4/2019

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

James S.D. Holt
239390
New Castle Correctional Annex – Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362